# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TINA WISE, | CASE NO. 5:22-CV-02092 |
| Plaintiff, | |
| vs. | JUDGE JOHN R. ADAMS |
| | |
| | **OPINION AND ORDER** |
| CHILDREN'S HOSPITAL MEDICAL CENTER OF AKRON | |
| Defendant. | |

Pending before the Court is a motion for summary judgment filed by Defendant Children's Hospital Medical Center of Akron, ("Akron Children's Hospital" or the "the Hospital). Plaintiff Tina Wise has opposed the motion, and the Hospital has replied. Upon review, Akron Children's Hospital motion for summary judgment is GRANTED.

**I.      Factual Background & Procedural History**

Akron Children's Hospital is a pediatric health care system that has made providing the best pediatric care its top priority. Plaintiff worked at the Hospital as a staff pharmacist, who worked closely with medications and IVs, both in the pharmacy and throughout the Hospital. Plaintiff's claims arose during the COVID-19 pandemic and is premised upon her belief that the Hospital failed to reasonably accommodate her religious beliefs when she sought an exemption to the Hospital's vaccination policy,

Plaintiff, who initially stopped getting vaccinated because she felt she was healthy, slowly formed religious beliefs that included that no one should perform any "medical interventions[1]" on

---

[1] According to Plaintiff, these included anything tested on or inserted into a human, such as breast cancer screenings, colonoscopies, mammograms, and radiation.

healthy individuals after her family member was diagnosed with a developmental disorder after an MRR vaccine. Following the formation of these beliefs, the Hospital routinely granted each religious exemption that was requested by Plaintiff starting around 2013.

Due to the severity of the global COVID pandemic, the Center for Medicare and Medicaid Services ("CMS") required that all healthcare employers require their employees either get vaccinated or utilize other alternative safety measures. The Hospital chose to mandate vaccinations but allowed employees to seek religious and other exemptions from the policy. This led to the Hospital receiving over 500 religious-based vaccine exemption requests – the vast majority of which were approved. Like that majority, the Hospital initially approved Plaintiff's vaccine exemption request. However, they denied the testing exemption request due to the undue hardship.

Plaintiff tested positive for COVID on February 11, 2022. Consistent with the Hospital's policy, she did not have to test for COVID-19 for 90 days following her positive test. However, when asked to resume testing in May of 2022, Plaintiff refused, and was unwilling to cooperate with the Hospital in finding an alternative solution. As a result, Plaintiff's employment was terminated on June 14, 2022.

Plaintiff brought suit before this Court alleging that the above facts demonstrate that she was discriminated against based upon her religion and that the Hospital engaged in retaliation when it terminated her employment. The Hospital has moved for summary judgment on both claims. The Court now reviews the parties' arguments.

**II.     Legal Standard of Review**

Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986). The moving party must demonstrate to the court through reference to pleadings and discovery responses the absence of a genuine issue of material fact. *Catrett,* 477 U.S. at 323. This is so that summary judgment can be used to dispose of claims and defenses which are factually unsupported. *Id.* at 324. The burden on the nonmoving party is to show, through the use of evidentiary materials, the existence of a material fact which must be tried. *Id.* The court's inquiry at the summary judgment stage is "the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250.

The court's treatment of facts and inferences in a light favorable to the nonmoving party does not relieve that party of its obligation "to go beyond the pleadings" to oppose an otherwise properly supported motion for summary judgment under Rule 56(e). *Catrett,* 477 U.S. at 324. The nonmoving party must oppose a proper summary judgment motion "by any kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves ..." *Id.* Rule 56(c) states, "... [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." A scintilla of evidence in favor of the nonmoving party is not sufficient.

### III. Legal Analysis

The Hospital first seeks summary judgment on Plaintiff's claim of religious discrimination. "The analysis of any religious accommodation case begins with the question of whether the employee has established a prima facie case of religious discrimination." *Smith v. Pyro Mining Co.*, 827 F.2d 1081, 1085 (6th Cir.1987). To establish a prima facie case, a plaintiff must show

that "(1) [she] holds a sincere religious belief that conflicts with an employment requirement; (2) [she] has informed the employer about the conflicts; and (3) [she] was discharged or disciplined for failing to comply with the conflicting employment requirement." *Id*. (citation omitted). Once an employee has established a prima facie case, the employer has the burden "to show that it could not reasonably accommodate the employee without undue hardship*." Virts v. Consol. Freightways Corp.*, 285 F.3d 508, 516 (6th Cir. 2002) (citations omitted).

While the Hospital raises a viable argument about the sincerity of Plaintiff's religious beliefs, the Court finds it unnecessary to resolve that issue. Assuming arguendo that Plaintiff has met her burden to establish a prima facie case, the Court finds the Hospital has met its burden to demonstrate that granting Plaintiff's testing exemption would have caused an undue hardship.

The reasonableness of an employer's attempt to accommodate is determined on a case-by-case basis." *Id*. However, "an employer must show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." *Groff v. DeJoy*, 600 U.S. 447, 470 (2023). "What is most important is that 'undue hardship' in Title VII means what it says, and courts should resolve whether a hardship would be substantial in the context of an employer's business in the common-sense manner that it would use in applying any such test.." *Id.* at 471. The Court agrees with the Hospital that allowing the plaintiff to routinely come in for work at the Hospital while remaining unvaccinated and untested creates a heightened health risk that constitutes as an undue hardship. *Draper v. U.S. Pipe & Foundry Co.*, 527 F.2d 515, 521 (6rh Cir. 1975). *See also Together Emples. v. Mass Gen. Brigham Inc.*, 573 F. Supp. 3d 412, 433, 441 (D. Mass. 2021) (Unvaccinated employees "pose[d] a direct threat to patients and others[,]" and…"would materially increase the risk of spreading the disease" due to COVID-19.); *Robinson v. Children's Hosp. Bos.*, No. 14-10263-DJC-18, 2016 U.S. Dist. LEXIS

46024, at *3, *28 (D. Mass. Apr. 5, 2016) (the "increased the risk of transmitting influenza to [the hospital's] already vulnerable patient population" would cause undue hardship for a pediatric hospital); *Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.*, 2023 WL 3467143, at *5 n.4, *6 n.7 (S.D.N.Y. May 15, 2023) (finding an "*obvious hardship* associated with the increased health and safety risk posed to other employees" by remaining at their worksite unvaccinated against COVID-19). In a setting where safety would not be as heightened as the hospital setting, the classroom, a fellow district court noted:

> Kushner's unvaccinated presence would have imposed substantial increased costs in relation to the conduct of the DOE's particular business by creating a health and safety risk that would have prevented the DOE from fostering a safe educational and work environment when COVID-19 vaccines had become available. Accordingly, this alone would have established an undue hardship on the DOE warranting dismissal of Kushner's claim.

*Beickert v. New York City Dep't of Educ.*, No. 22-CV-5265(DLI)(VMS), 2023 WL 6214236, at *5 (E.D.N.Y. Sept. 25, 2023)(citations and quotations omitted).

While Plaintiff appears to contend that her brief time employed after testing positive is evidence that the Hospital's claims are speculative, the Court cannot agree. Plaintiff appears to contend that because the heightened risks relied upon by the Hospital did not *actually* materialize that the risks simply do not exist. The Court finds itself in agreement with all the precedent set forth above that supports the conclusion that the Hospital adequately demonstrated an undue hardship related to a testing exemption in their particular healthcare setting.

Plaintiff's retaliation claim fails for the same reasons detailed above. In support, Plaintiff claims that she "was legally entitled to accommodation, offered suggestions for accommodation, and ACH, though able, refused to accommodate her based on unsubstantiated claims of danger and threatened loss of money." Doc. 28 at 28. Having found that the Hospital's claim of undue

hardship was well founded, it follows that Plaintiff's claims that these claims were pretextual must fail. As such, Plaintiff's claim of retaliation fails as a matter of law.

### IV. Conclusion

Defendant's motion for summary judgment is GRANTED. Judgment on the complaint is hereby entered in favor of Defendant, and this matter is hereby DISMISSED.

IT IS SO ORDERED.


Date: July 9, 2024  /s/ John R Adams
JOHN R. ADAMS
U.S. DISTRICT JUDGE